THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVIA GONZALEZ SILVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMAN ARABI,<br><br>　　　　　Defendant. | CASE NO. C14-0049-JCC<br><br>ORDER |

　　　Plaintiffs move for appointment of counsel to represent them in this action.  (Dkt. No. 5.) Having considered the papers and the entire record, the Court denies the motion for appointment of counsel.

　　　Generally, a person has no right to counsel in civil actions.  *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998).  A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances."  *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [the] claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983).

ORDER
PAGE - 1

Here, the Court is unconvinced of Plaintiffs' likelihood of success on the merits. This lawsuit arises from a car accident involving Plaintiffs' husband and father, Ivan Nunez. Mr. Nunez was severely injured and was taken to Harborview Medical Center ("Harborview"). (Dkt. No. 4.) At Harborview, Mr. Nunez was removed from life support, allegedly in accordance with a policy that allows life support to be removed without input from any relative. (*Id.* at 4.) Plaintiffs now sue Harborview and a number of individual doctors for $7,000,000 in damages. (*Id.* at 2.) The complaint appears to be based solely on the policy or custom of the hospital, and the individual defendants' adherence to that policy.

Plaintiffs suggest that this Court has jurisdiction because there is a federal question. At one point, Plaintiffs cite 42 U.S.C. § 1983. But as this court has recognized, neither Harborview (a state entity) nor the individual doctors in their official capacities are "persons" under § 1983 who can be sued for damages. *See Tillisy v. Baird*, No. 12-2055-TSZ, 2013 WL 7017957 at *2 (W.D. Wash. Nov. 25, 2013) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). To the extent that Plaintiff is suing individual doctors in their personal capacities, they will be able to raise the defense of qualified immunity. *See Nicolaas v. Pace*, No. C12-1357-RAJ, 2013 WL 4519603 at *4 (W.D. Wash. Aug. 26, 2013) ("Defendants sued in their personal capacity for violating § 1983 may also invoke qualified immunity, which protects some § 1983 defendants 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). Accordingly, the Court concludes that the likelihood of success is low if this case is intended as a § 1983 action. On the other hand, if Plaintiffs intend to bring this as a wrongful-death action, it appears unlikely that this Court has jurisdiction over a state-law claim.

Plaintiffs allege that three reasons justify appointment of counsel: (1) the relevant area of law requires specific knowledge; (2) this case may affect the rights of others; and (3) no party will be prejudiced by the appointment of counsel. (Dkt. No. 5.) The Court finds that these reasons do not constitute exceptional circumstances, despite the undeniable importance and

emotional nature of this case for Plaintiffs. A ruling in this case would have no exceptionally broad application, and Plaintiffs have shown proficiency in articulating claims of deliberate indifference to serious medical needs and denial of due process. Plaintiffs' motion for appointment of counsel (Dkt. 23) is therefore denied.

DATED this 1st day of May 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE